### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
#### www.flsb.uscourts.gov

IN RE:                                                    CASE NO.: 21-12374- RAM
                                                          Chapter 11
AVENTURA HOTEL PROPERTIES, LLC,
TRIPTYCH MIAMI HOLDINGS, LLC,

      Debtor.

_____/

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**Any interested party who fails to file and serve a written
response to this Motion within 14 days after the date of service
stated in this Motion shall, pursuant to Local Rule 4001-1(C),
be deemed to have consented to the entry of an order granting
the relief requested in the Motion.**

COMES NOW, MIGUEL SIERRALTA (hereinafter referred to as "Movant") by and
through his undersigned counsel, and hereby moves the Court pursuant to Federal Rules of
Bankruptcy Procedure 4001-1(C) to lift the automatic stay imposed by 11 U.S.C. Section 362(a)
under 11 U.S.C. Section 362(d)(2), and in support of his motion states:

1.      The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on March
12, 2021.

2.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. Section
157(b)(2)(G).

3.      Movant, Miguel Sierralta, an individual, is the Plaintiff in the matter *Miguel
Sierralta vs. Jesus Alberto Abilahoud, et al*., Case No. 2020-10341-CA-01, which was filed on
May 13, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade
County, Florida (the "State Action").

4.     The Defendants in the State Action are Alberto Abilahoud ("Abilahoud"), an individual, Town Arts Properties, LLC, a Florida limited liability company ("Town Arts")(Abilahoud and Town Arts are referred together as the "Defaulting Defendants"), Hes Triptych Holding, LLC ("HES"), Triptych Miami Holdings, LLC ("Triptych Miami"), and Aventura Hotel Properties, LLC ("Aventura")( Triptych Miami and Aventura are referred together as the "Debtors").

5.     The Movant's Complain in the State Action contains three (3) Counts, one for breach of promissory note against the Defaulting Defendants (Count I), one for foreclosure of security agreement against the Defaulting Defendants (Count II), and one for a temporary injunction against HES and the Debtors (Count III) (See State Action's Complaint attached as exhibit "A").

6.      Count I and II of the State Action's Complaint are predicated on the Defaulting Defendants' breach under certain Balloon Promissory Note (the "Note") and to foreclosure a Security Agreement/Chattel Mortgage ('Chattel Mortgage") securing the debt under the Note.

7.     The Chattel Mortgage granted a security interest to Movant over the 28.4% Membership Interest that Town Arts holds in HES (the "Collateral").

8.     HES holds 100% of the membership interest of Triptych Miami. This membership interest is HES's only substantial asset.

9.     Triptych Miami holds 100% of the membership interest of Aventura. This membership is Triptych Miami's only substantial asset. Aventura owns several real estate properties in Miami-Dade County (the "Lots").

10.     Abilahoud is the co-manager of Triptych and Aventura and an authorized member of HES.

11.     To protect his interest in the Collateral, Movant also petitioned for a temporary injunction against the HES and the Debtors in Count III of the State Action's Complaint. The temporary injunction simply seeks an order from the Court enjoining HES and the Debtors to keep Movant informed prior to, during and after any disposition or encumbrance of their membership interest and/or the Lots.

12.     The relief requested in the State Action against the Debtors is not to collect a debt against the Debtors and would not interfere with this bankruptcy case or prejudice any other creditor of the Estate.

13.     The Movant seeks to lift the automatic stay imposed by 11 U.S.C. Section 362(a) to continue his prosecution of his claims pursuant in the State Action.

14.     11 U.S. Code § 362 (d)(1) provides that stay relief may be granted for cause. Bankruptcy Courts in the Southern District of Florida look to the totality of the circumstances in determining whether cause exists to lift the automatic stay. *E.g., In re Bryan Road, LLC*, 382 B.R. 844, 854-55 (Bankr. S.D. Fla. 2008). The pursuit of pending, pre-petition litigation may constitute "cause" under section 362(d)(1) of the Code. *In re Murray Indus., Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990).

15.     Bankruptcy Courts have looked to the twelve factors set forth in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) to assist in determining whether cause exists to lift the automatic stay to allow a party to pursue pending litigation outside of the Bankruptcy Court, including Bankruptcy Courts in Florida. *See*, e.*g., In re Beane*, 404 B.R. 942, 948 (Bankr. M.D. Fla. 2008).

16.     The relevant *Sonnax* factors to consider in this case are: (a) the lack of any connection with or interference with the bankruptcy case; (b) whether litigation in another forum

would prejudice the interests of other creditors, the creditors' committee and other interested parties; and (c) the impact of the stay on the parties and the "balance of hurt." *Sonnax*, 907 F.2d at 1286.

17.     With the State Action, Movant does not intend to seize property, collect money, or by any means affect the Debtors' assets or business.

18.     Therefore, relief of the temporary injunction in favor of Movant will not interfere with the bankruptcy case, or prejudice the interests of other creditors, the creditors' committee, or any other interested parties.

19.     Similarly, the "balance of hurt" factor also supports granting of this Motion. The Debtors, HES or any other interested party will not suffer any hardship should the State Court orders the Debtors to keep Movant informed of any disposition or encumbrance of any of their membership interest or the Lots.

20.     In this instance, consideration of the totality of the circumstances and all of the *Sonnax* factors warrant entry of an order lifting the automatic stay and allowing the State Court to proceed on the merits.

21.     The injunction sought aims to prevent the Defaulting Defendants, HES and the Debtors from taking any actions that could diminish the value of the Collateral without affording Movant prior notice.

22.     Based on the foregoing, cause exists to lift the automatic stay to allow the Movant to continue prosecuting the State Action.

WHEREFORE, the Movant, MIGUEL SIERRALTA, respectfully requests that this Court enters an Order granting relief from the automatic stay to allow Movant to prosecute his claims against the Defaulting Defendants and obtain injunctive relief enjoining the Debtors to

keep Movant informing of any transactions involving the sale, conveyance, encumbrance, disposition or transferring of the Lots, and any other further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this May 11, 2021, a true and correct copy of the forgoing Movant's Motion for Relief from the Automatic Stay was served via CM/ECF system to all counsels of record as indicated in the attached service list.

RAUL E. ESPINOZA, PL
Attorneys for Movant Miguel Sierralta
4253 SW 71st Avenue,
Miami, Florida 33155

By: ___ */s/ Raul E. Espinoza* _____
Raul E. Espinoza, Esq.
Florida Bar No.: 50664
Tel.: 786.539.5410
Fax: 786.539.5411
Email: respinoza@repalaw.com

## SERVICE LIST

**Served Via CM/ECF System**

Jose A Casal on behalf of Creditor Fifteen Midtown Properties, LLC
 jose.casal@hklaw.com
 josie.vila@hklaw.com
Ileana Cruz on behalf of Creditor Miami Dade County Tax Collector
 cao.bkc@miamidade.gov
Mariaelena Gayo-Guitian on behalf of Debtor Triptych Miami Holdings, LLC
 mguitian@gjb-law.com
 gjbecf@gjb-law.com
 vlambdin@gjb-law.com
 cesser@gjblaw.com
 chopkins@gjb-law.com
 gjbecf@ecf.courtdrive.com
Office of the US Trustee
 USTPRegion21.MM.ECF@usdoj.gov
Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
 Steven.D.Schneiderman@usdoj.gov
Jeffrey I. Snyder, Esq. on behalf of Creditor LV Midtown LLC
 jsnyder@bilzin.com
 eservice@bilzin.com
 lflores@bilzin.com
 jeffrey-snyder-9959@ecf.pacerpro.com
Jesus M Suarez, Esq. on behalf of Debtor Aventura Hotel Properties, LLC, Triptych Miami
Holdings, LLC, and Interested Party Triptych Miami Holdings, LLC
 jsuarez@gjb-law.com
 gjbecf@gjb-law.com
 chopkins@gjb-law.com
 jzamora@gjblaw.com
 ecastellanos@gjb-law.com
 gjbecf@ecf.courtdrive.com
Aliette D. Rodz, Esq. on behalf of Creditor QR Triptych LLC
 arodz@shutts.com
Peter H. Levitt, Esq. on behalf of Creditor QR Triptych LLC
 plevitt@shutts.com
Eric N. Assouline, Esq. on behalf of Elisabeth Eljuri and Ivan Sandrea
 ena@assoulineberlowe.com

EXHIBIT "A"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MIGUEL SIERRALTA,
an individual,

        Plaintiff,

    vs.

JESUS ALBERTO ABILAHOUD,
an individual,
TOWN ARTS PROPERTIES, LLC,
a Florida limited liability company,
HES TRIPTYCH HOLDING, LLC,
a Florida limited liability company,
TRIPTYCH MIAMI HOLDINGS, LLC,
a Florida limited liability company, and
AVENTURA HOTEL PROPERTIES, LLC,
a Florida limited liability company.

        Defendants.

_____/

Civil Division

CASE NO.:

## COMPLAINT AND REQUEST FOR TEMPORARY INJUNCTION

**COMES NOW** the Plaintiff, MIGUEL SIERRALTA, by and through the undersigned counsel, seeking damages related to a breach of a promissory note against the Defendants, JESUS ALBERTO ABILAHOUD, an individual ("Abilahoud"), TOWN ARTS PROPERTIES, LLC, a Florida limited liability company ("Town Arts") (Abilahoud and Town Arts together shall be referred to as the "Defendants", the "Mortgagors" or the "Debtors"), HES TRIPTYCH HOLDING, LLC, a Florida limited liability company ("Hes Triptych"), TRIPTYCH MIAMI HOLDINGS, LLC, a Florida limited liability company ("Triptych"), and AVENTURA HOTEL PROPERTIES, LLC, a Florida limited liability company ("Aventura") (Hes Triptych, Triptych and Aventura together shall be referred to as "Triptych Companies"),  and in support thereof alleges the following:

## Jurisdiction and Venue

1.      This is an action for damages exceeding $15,000.00 exclusive of costs, interests, and attorneys' fees.

2.      The Plaintiff, MIGUEL SIERRALTA, is an individual residing in Venezuela.

3.      The Defendant, JESUS ALBERTO ABILAHOUD, is an individual residing in Miami Dade County, Florida.

4.      The Defendant, TOWN ARTS PROPERTIES, LLC, is a Florida limited liability company with principal offices in Miami Dade County, Florida.

5.      The Defendant, HES TRIPTYCH HOLDING, LLC, is a Florida limited liability company with principal offices in Miami Dade County, Florida.

6.      The Defendant, TRIPTYCH MIAMI HOLDINGS, LLC, is a Florida limited liability company with principal offices in Miami Dade County, Florida.

7.      The Defendant, AVENTURA HOTEL PROPERTIES, LLC, is a Florida limited liability company with principal offices in Miami Dade County, Florida.

8.      All specific facts and events, including the execution of the Balloon Promissory Note and Security Agreement, which are the subject matter of this proceeding, occurred in Miami Dade County, Florida.

9.      Accordingly, jurisdiction and venue are proper in the County Court for Miami Dade County, Florida.

## General Allegations

10.     On November 28, 2018, the Defendants executed a Balloon Promissory Note in the amount of $1,050,000.00 in favor of Plaintiff to be payable in three installments as follows: (i) On or before February 15, 2019, a principal payment of $550,000 plus accrued interest as to

the date such payment was made; (ii) On or before May 15, 2019, a principal payment of $250,000 plus accrued interest as to the date such payment was made; and (iii) On or before August 15, 2019, a final principal payment of $250,000 plus accrued interest as to the date such payment was made (the "Note"). Please see copy of the Note attached herein as **Exhibit "A"**.

11.     Contemporaneously with the execution of the Note, the Defendants also executed as Security Agreement to secure the debt the obligations of the Defendants under the Note by granting a security interest to Plaintiff over the Membership Interest Town Arts holds in Hes Triptych, equivalent to 28.4% of the total membership interest of Hes Triptych (the "Security Agreement"). Please see copy of the Security Agreement attached herein as **Exhibit "B"**.

12.     The Plaintiff is the holder of the Note and is entitled to enforce said Note and the Security Agreement.

13.     There is a default under the terms of the Note and Security Agreement causing damages to Plaintiff. Specifically, Defendants has not paid to Plaintiff any moneys under the Note.

14.     The annual interest rate under the Note prior to any default was 10% and the annual interest rate pursuant to the Note after a default is 18% over all amounts owed.

15.     Accordingly, under the Note, Defendants owe Plaintiff: (i) the principal amount of $1,050,000.00; (ii) the accrued interest prior to default calculated at 10% annual interest rate from the date of the Note to February 15, 2019 equivalent to $22,995.00; and (iii) the accrued default interest, calculated at 18% annual interest rate from February 16, 2019, during the pendency of this proceeding, and until the Note is fully satisfied.

16.     The Plaintiff has retained the undersigned in this matter and is entitled to attorney's fees, court costs and collection costs pursuant to the Note and Security Agreement.

17.     All conditions preceding the filing of this Complaint have occurred, been waived or performed.

### COUNT I - BREACH OF PROMISSORY NOTE

### (Against Abilahoud and Town Arts)

18.     The Plaintiff repeats and re-alleges paragraphs 1-17 above as if fully set forth herein.

19.     The Defendants executed the Note promising to pay the Plaintiff the amount of $1,050,000.00 plus interest.

20.     The Defendants' failure to pay the principal amount under the Note and the accrued interest constitute a breach of the express terms of the Note.

21.     As a result of Defendants' breach, the Plaintiff has been damaged in the amount of $1,050,000.00 equivalent to the principal amount under the Note, pre-default accrued interest and all default interest that accrued up to the moment Defendants pay the entire debt under the Note.

22.     The Plaintiff is also entitled to recover his attorney's fees and costs incurred in this action pursuant to the terms of the Note.

**WHEREFORE**, the Plaintiff, MIGUEL SIERRALTA, respectfully requests this Court a judgment for damages against the Defendants, JESUS ALBERTO ABILAHOUD and TOWN ARTS PROPERTIES, LLC, in the amount of $1,050,000.00,  plus the accrued interest prior to default equivalent to $22,995.00, plus the accrued pre-judgment default interest at a rate of 18% , plus post-judgment interest up to the moment Defendants pay the entire debt under the Note, in addition to court costs, attorney's fees, and any further relief this Court deems just and proper.

## COUNT II – FORECLOSURE OF SECURITY AGREEMENT

### (Against Town Arts)

23.    The Plaintiff repeats and re-alleges paragraphs 1-22 above as if fully set forth herein.

24.    Pursuant to the Security Agreement, Town Arts granted to Plaintiff a security interest in the Membership Interest Town Arts holds in Hes Triptych, equivalent to 28.4% of the total membership interest of Hes Triptych (the "Collateral") to secure the Defendants' payment obligation under the Note.

25.    Plaintiff's interest in the Collateral has been properly perfected by recording a Financing Statement ("UCC-1") in the Florida Secured Transaction Registry. Please see copy of the recorded UCC-1 herein as **Exhibit "C"**.

26.    As a result of Defendants' default under the Note, Plaintiff is entitled to foreclose its security interest in the Collateral.

27.    Abilahoud may claim or has some interest in the Collateral, but any such interest is subject, subordinate and inferior to Plaintiff's interest.

**WHEREFORE**, the Plaintiff, MIGUEL SIERRALTA, respectfully requests this Court a judgment of foreclosure against the Defendant,  TOWN ARTS PROPERTIES, LLC**,** awarding Plaintiff reasonable attorney's fees and costs, ordering the sale of the Collateral to satisfy the amounts due to Plaintiff, in whole or in part, and any further relief this Court deems just and proper.

## COUNT III – TEMPORARY INJUNCTION

### (Against the Triptych Companies)

28.     The Plaintiff repeats and re-alleges paragraphs 1-22 above as if fully set forth herein.

29.     The Collateral constitutes 28.4% of the membership interest of Hes Triptych.

30.     Hes Triptych is the holder of 100% of the membership interest of Triptych, and this is Hes Triptych's only substantial asset.

31.     Triptych is the holder of 100% of the membership interest of Aventura, and this is Triptych's only substantial asset.

32.     Aventura owns several real estate properties in Miami Dade County, Florida (the "Lots").

33.     Based on the rights conferred by the Security Agreement, Plaintiff has direct interest in Triptych, Aventura and the Lots.

34.     Defendant Abilahoud is the co-manager of Triptych and Aventura, and authorized member of Hes Triptych.

35.     Upon information and belief, Abilahoud does not assets enough to satisfy the debt under the Note and Security Agreement.

36.     Upon information and belief, Town Arts only substantial asset is the Collateral.

37.     Should Abilahoud procure the sale of the membership interest of any of the Triptych Companies or the Lots, Plaintiff's security interest could be rendered worthless.

38.     A temporary injunction enjoining the Triptych Companies to keep Plaintiff informed prior to, during and after any disposition or encumbrance of their membership interest

or the Lots, during the pendency of this proceeding, is the only reasonable and adequate remedy to prevent irreparable harm to the Plaintiff.

39.    There is no other less intrusive adequate remedy at law to protect Plaintiff's security interest in the event the Triptych Companies intend to sell, transfer, gift, dispose or encumber their membership interest or the Lots.

40.    There is a substantial likelihood Plaintiff will succeed on his claims against Abilahoud and Town Arts as outlined in Counts I and II.

41.    Enjoining the Triptych Companies to keep Plaintiff informed of any transaction that could diminish the value of the Collateral will not cause damages to the Triptych Companies as it is not their regular course of business to transfer or encumber their membership interest or the Lots, and, even if they deem it is in their best interest to do so, the injunction sought herein will not prevent them from doing so.

42.    Moreover, the injunction sought herein will further serve the public interest as it is meant to prevent fraud, dissipation of assets, further litigation and waste of public resources cause by such further litigations, among others.

**WHEREFORE**, the Plaintiff, MIGUEL SIERRALTA, respectfully requests this Court to enter a temporary injunction instructing HES TRIPTYCH HOLDING, LLC, TRIPTYCH MIAMI HOLDINGS, LLC and AVENTURA HOTEL PROPERTIES, LLC to inform, and keep inform during and after, Plaintiff of any transactions involving the sale, conveyance, encumbrance, disposition or transferring of any interest on their membership interest or the Lots owned by Aventura, and any further relief this Court deems just and proper.

DATED THIS 13 DAY OF MAY, 2020.

> **RAUL E. ESPINOZA, P.L.**
> Attorneys for Plaintiff
> 7480 Bird Rd., Suite 660
> Miami, Florida 33155
>
> */Raul Espinoza/*
>
> By: _____
> **Raul E. Espinoza, Esq.**
> Florida Bar No.: 50664
> Ph.: (786) 539-5410
> Fax: (786) 539-5411
> Email: respinoza@repalaw.com

EXHIBIT "A"

THIS IS A BALLOON NOTE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $1,050,000.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE LENDER UNDER THE TERMS OF THIS NOTE.

## BALLOON PROMISSORY NOTE

**$1,050,000.00**

**Miami, Florida**
**November 27, 2018**

1.      **Principal and Borrowers' Promise to Pay**.

FOR VALUE RECEIVED, the undersigned Borrowers **JESUS ALBERTO ABILAHOUD**, an individual, and **TOWN ARTS PROPERTIES, LLC**, a Florida limited liability company, (both together referred herein as "Borrowers"), promises to pay to the order of **MIGUEL SIERRALTA**, an individual ("Lender" and together with Borrowers, "the "Parties"), the principal sum of **ONE MILLION FIFTY TTHOUSAND US DOLLARS (US$ 1,050,000.00)**, with annual interest thereon calculated in accordance with the terms and provisions provided below. All sums owing under this note are payable in lawful money of the United States of America. Each Borrower is jointly and severally liable for all obligations under this Promissory Note.

Borrowers name and address are:      **Jesus Alberto Abilahoud**
6465 S. Mitchell Manor Cir.
Miami, Florida 33156

**Town Arts Properties, LLC**
c/o Jesus A. Abilahoud
6465 S. Mitchell Manor Cir.
Miami, Florida 33156

Lender name and address is:      **Miguel Sierralta**
7480 Bird Rd., Suite 660
Miami, Florida 33155
&
16275 Collins Ave, Suite 1402
Sunny Island, FL 33160

2.      **Interest**.

Interest accrued on this note shall be payable at a fixed annual rate of ten percentage **(10%)**, until this note is paid in full. Interest calculations shall be based on a 365-day year and charged on the basis of actual days elapsed.

3.      **Payments.**

Borrowers are obligated to make principal and interest as provided herein until the Maturity Date. Payment of Principal and interests shall be made under the following schedule:

   a. On or before February 15, 2019, a principal payment of $550,000 plus accrued interest as to the date such payment was made;

   b. On or before May 15, 2019, a principal payment of $250,000 plus accrued interest as to the date such payment was made; and

   c. On or before August 15, 2019, a final principal payment of $250,000 plus accrued interest as to the date such payment was made.

Borrowers shall make payment as instructed by Lender from time to time. Lender may instruct Borrowers to make payment by cash, personal check, money order, wire transfer or deposit into a Lender's bank account.

     Borrowers may prepay the whole or any portion of this note on any date without any penalty. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any collection expense, including attorney's fees and court costs, incurred by Lender to enforce the terms of this promissory note; (b) second, to any accrued interest due and unpaid as of the date of payment; (c) third, to the outstanding principal sum; and (d) fourth, the balance, if any, to any accrued, but not yet due and payable, interest.

4. **Maturity Date.**

     The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on August 15, 2019. Accordingly, if on August 15, 2019 Borrowers still owe any amounts under this promissory note, Borrowers will pay those amounts in full on that date ("maturity date").

5. **Default and Remedies.**

     If Borrowers fails to pay principal and/or interest on the date on which it falls due or to perform any of the agreements, conditions, covenants, provisions, or stipulations contained in this note, then Lender, at its option and without notice to Borrowers, may declare immediately due and payable the entire unpaid balance of principal with interest from the date of default at the rate of 18% per year (or the highest rate permitted by law if this rate is less than 18% per year) and all other sums due by Borrowers hereunder, anything herein to the contrary notwithstanding. Payment of this sum may be enforced and recovered in whole or in part at any time by one or more of the remedies provided to Lender in this note. In that case, Lender may also recover all collection costs, including those in connection with legal action, reasonable attorneys' fees for collection, and interest on any judgment obtained by Lender at the rate of 18% per year (or the highest legal rate if this rate is less than 18% per year).

     The remedies of Lender and the warrants provided in this note shall be cumulative and concurrent, and they may be pursued singly, successively, or together at the sole discretion of Lender. They may be exercised as often as necessary, and failing to exercise one shall in no event be construed as a waiver or release of it.

6. **Attorneys' Fees and Costs.**

     If Lender engages any attorney to enforce or construe any provision of this note, or as a consequence of any default whether or not any legal action is filed, Borrowers shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if the unpaid attorneys' fees and costs had been added to the principal.

7.    **Waivers**.

    (a)    Borrowers hereby waives and releases all benefit that might accrue to Borrowers by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of that property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrowers agree that any real estate that may be levied on under a judgment obtained by virtue hereof, on any writ of execution issued thereon, may be sold on any writ in whole or in part in any order desired by Lender.

    (b)    Borrowers and all indorsers, sureties, and guarantors jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of any other party and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrowers and all indorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers, or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional Borrowers, indorsers, guarantors, or sureties may become parties hereto without notice to them or affecting their liability hereunder.

    (c)    Lender shall not be considered by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and then only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

8.    **Notices**.

    All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in paragraph 1, or to another address that any party may designate by notice to the others in the manner set forth herein. All notices shall be considered to have been given or made either at the time of delivery to an officer or employee or on the third business day following the time of mailing in the aforesaid manner. A notice sent to one of the Borrowers shall be considered given to all the Borrowers.

9.    **Time of Essence, Governing Law and Venue.**

    Time is of the essence with respect to every provision of this note. This note shall be construed and enforced in accordance with the laws of the State of Florida, except to the extent that federal law preempt the laws of the state of Florida. The Miami Dade County, Florida shall be the exclusive venue to resolve any conflict or issue arising out of this instrument.

    IN WITNESS WHEREOF, Borrowers have executed this promissory note on the date set forth above.

THIS IS A BALLOON NOTE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $1,050,000.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE LENDER UNDER THE TERMS OF THIS NOTE.

BORROWERS:

**JESUS ALBERTO ABILAHOUD**
An individual

Witness: Nestor Valderrama

Witness: Raul Espinoza

**TOWN ARTS PROPERTIES, LLC**
a Florida limited liability company
By **JESUS ALBERTO ABILAHOUD**,
**Manager**

Witness: Nestor Valderrama

Witness: Raul Espinoza

STATE OF FLORIDA                      )
COUNTY OF MIAMI DADE          )

The foregoing instrument was acknowledged before me this 27th day of November, 2018, by **JESUS ALBERTO ABILAHOUD**, individually and as Manager and on behalf of **TOWN ARTS PROPERTIES, LLC**, who has produced Florida Driver License # ████████████ as identification.



RAUL E. ESPINOZA
Commission # GG 245781
Expires August 6, 2022
Bonded Thru Budget Notary Services

Notary Public - State of Florida

EXHIBIT "B"

**THIS SECURITY AGREEMENT / CHATTEL MORTGAGE SECURES THE PAYMENTS OF A BALLOON PROMISSORY NOTE OF SAME DATE WITH FINAL PRINCIPAL PAYMENTS OR PRINCIPAL BALANCE DUE UPON MATURITY OF $1,050,000.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE SECURED PARTY UNDER THE TERMS OF THE NOTE AND THIS DOCUMENT.**

## SECURITY AGREEMENT / CHATTEL MORTGAGE

THIS AGREEMENT, executed this November 27, 2018, under the laws of the State of Florida, between **MIGUEL SIERRALTA**, an individual whose principal address is 16275 Collins Ave, Suite 1402, Sunny Island, FL 33160, herein called the **Secured Party**, and **TOWN ARTS PROPERTIES, LLC**, a Florida limited liability company, herein called as **Mortgagors**, and **JESUS ALBERTO ABILAHOUD**, an individual, together with Mortgagor herein called as **Debtors**.

### WITNESSETH:

To induce the Secure Party to enter into certain transaction as reflected by the Promissory Note described below and to secure the payment of an indebtedness in the amount of ONE MILLION FIFTY THOUSAND DOLLARS ($1,050,000.00), with interest, payable in accordance with the terms of certain Promissory Note of even date herewith executed by **TOWN ARTS PROPERTIES, LLC**, a Florida limited liability company, and **JESUS ALBERTO ABILAHOUD**, an individual (the "Debtors"), and also to secure any other indebtedness or liability of the Debtors to the Secured Party direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, including all future advances or loans which may be made at the option of the Secured Party (all hereinafter called the "Obligations"), Mortgagors hereby grants and conveys to the Secured Party a security interest in, and mortgages to the Secured Party, **any and all the Mortgagors' MEMBERSHIP INTEREST MORTGAGOR'S HOLD OF HES TRIPTYCH HOLDING, LLC, a Florida limited liability company with Document Number L15000193973, EQUIVALENT TO 28.4% OF THE TOTAL MEMBERSHIP INTEREST OF SAID COMPANY,** hereinafter called the "Collateral."

### MORTGAGORS WARRANTS, COVENANTS AND AGREES AS FOLLOWS:

1. To defend the title to the Collateral against all persons and against all claims and demands whatsoever, which Collateral, except for the security interest granted hereby, is lawfully owned by the Debtors and is now free and clear of any and all liens, security interests claims, charges, encumbrances, taxes and assessments.

**THE PARTIES FURTHER AGREE:**

2. Waiver of or acquiescence in any default by the Debtors, or failure of the Secured Party to insist upon strict performance by the Debtors or the Mortgagors of any warranties or agreements in the Promissory Note or of this security agreement, shall not constitute a waiver of any subsequent or other default or failure.

3. Notices to either party shall be in writing and shall be delivered personally or by mail addressed to the party at the address herein set forth or otherwise designated in writing.

4. The Uniform Commercial Code as adopted and amended by the State of Florida shall govern the rights, duties and remedies of the parties and any provisions herein declared invalid under any law shall not invalidate any other provision of this agreement.

5. In the event of any litigation concerning this security agreement, any of the promissory Note and any other related document, venue shall rest solely in Miami Dade County, Florida, unless prohibited by law, in which case venue shall rest solely in the county where the Collateral is issued or located.

6. The following shall constitute a default by Debtors and/or Mortgagors, as the case may be:

a. Failure to pay the principal on or before the maturity date;

b. Failure to pay any principal and interest payment within ten (10) days of its due date as provided in the Promissory Note.

c. Failure by Debtors to comply with or perform any provision of the Promissory Note.

d. Failure by Mortgagor to comply with or perform any provision of this agreement.

e. False or misleading representations or warranties made or given by Debtors and/or Mortgagor in connection with this agreement or the Promissory Note.

f. Any action by Debtors, Mortgagor or Hes Triptych Holding, LLC that would reduce, diminish, dissipate or otherwise decrease the value of the Collateral.

g. Commencement of any insolvency proceeding by or against the Debtors or Mortgagors.

h. Death of the Debtors.

7. Upon any default of the Debtors or Mortgagors, and at the option of the Secured Party, the obligations secured by this agreement shall immediately become due and payable in full with notice as provided in the Promissory Note and the Secured Party shall have all the rights, remedies and privileges with respect to repossession, retention and sale of collateral and disposition of the proceeds as are accorded to a Secured Party by the applicable sections of the Uniform Commercial Code respecting "Default," in effect as of the date of this security agreement.

8. Upon any default by Debtors or Mortgagors, the Secured Party shall be entitled to recover from Debtors and/or from the collateral, as the Secure Party decides, the outstanding principal and accrued interest under the Promissory Note and all costs in connection with any legal action, reasonable attorneys' fees and court costs, including those at any appellate level and interest on any judgment obtained by Lender at the rate of 18% per year (or the highest legal rate if this rate is less than 18% per year).

9. The Debtors shall remain liable for any deficiency resulting from a sale of the Collateral and shall pay any such deficiency forthwith on demand.

10. If the Debtors and/or Mortgagors default in the performance of any of the provisions of this agreement or the Promissory Note on the Debtors' or Mortgagors' part to be performed, the Secured Party may perform same for the Debtors' or Mortgagors' account and any monies expended in so doing shall be chargeable with interest, at the default rate under the Promissory Note, to the Debtors and added to the indebtedness secured hereby.

11. In conjunction with, addition to or substitution for those rights, Secured Party, at his discretion, may:

a. Secured Party may give Debtors and/or Mortgagors reasonable notice or the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition thereof is to be made. The requirements of reasonable notice will be met if such notice is mailed, postage prepaid, to the address of the Debtors and/or the Mortgagors, at least seven (7) days before the time of sale or disposition.

12. Secured Party may assign this agreement and, if assigned, the assignee shall be entitled, upon notifying the Debtors and Mortgagors, to performance of all of Debtors' Obligations under the Promissory Note, and the assignee shall be entitled to all of the rights and remedies of the Secured Party hereunder.

13. The Secured Party is hereby authorized to file a Financing Statement.

14. The terms, warranties and agreements herein contained shall bind and inure to the benefit of the respective parties hereto and their respective legal representatives, successors and assigns.

15. The gender and number used in this agreement are used as a reference term only and shall apply with the same effect whether the parties are of the masculine or feminine gender, corporate or other form, and the singular shall likewise include the plural.

16. Notices under this Agreement shall be by certified mail to the following addresses:

a. **Miguel Sierralta** at 7480 Bird Rd., Suite 660, Miami, Florida 33155 & 16275 Collins Ave, Suite 1402, Sunny Island, Florida 33160.

b. **Alberto Abilahoud** at 6465 S. Mitchell Manor Cir., Miami, Florida 33156.

c. **Town Arts Properties, LLC** at 6465 S. Mitchell Manor Cir., Miami, Florida 33156

Any changes in mailing address shall be notified at least 15 days prior to such new address be effective under this agreement in the manner set forth herein.

17. This agreement may not be changed, modified or amended orally.

<u>**THIS SECURITY AGREEMENT / CHATTEL MORTGAGE SECURES THE PAYMENTS OF A BALLOON PROMISSORY NOTE OF SAME DATE WITH FINAL PRINCIPAL PAYMENTS OR PRINCIPAL BALANCE DUE UPON MATURITY OF $1,050,000.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE SECURED PARTY UNDER THE TERMS OF THE NOTE AND THIS DOCUMENT.**</u>

Executed in Miami-Dade County, Florida on the 27th day of November, 2018, by

**JESUS ALBERTO ABILAHOUD**
An individual

Witness: Nestor Valderrama

Witness: Raul Espinoza

**TOWN ARTS PROPERTIES, LLC**
a Florida limited liability company
By **JESUS ALBERTO ABILAHOUD, Manager**

Witness: Nestor Valderrama

Witness: Raul Espinoza

STATE OF FLORIDA              )
COUNTY OF MIAMI DADE     )

The foregoing instrument was acknowledged before me this 27th day of November, 2018, by **JESUS ALBERTO ABILAHOUD**, individually and as Manager and on behalf of **TOWN ARTS PROPERTIES, LLC**, who has produced Florida Driver License # ███████████ as identification.

RAUL E. ESPINOZA
Commission # GG 245781
Expires August 6, 2022
Bonded Thru Budget Notary Services

Notary Public - State of Florida

EXHIBIT "C"

**STATE OF FLORIDA UNIFORM COMMERICAL CODE**
**FINANCING STATEMENT FORM**

Florida Secured Transaction Registry

# FILED

2018 Dec 04 01:46 PM

****** 201807157049 ******

| A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON |
|---|
| RAUL ESPINOZA; 7865395410 |
| Email RESPINOZA@REPALAW.COM |

| B. SEND ACKNOWLEDGEMENT TO: |
|---|
|  |

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (1a OR 1b) - Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME |  |  |  |  |  |
|---|---|---|---|---|---|
| TOWN ARTS PROPERTIES, LLC |  |  |  |  |  |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 1c. MAILING ADDRESS Line One | | | This space not available. | | |
| 6465 S. MITCHELL MANOR CIR. | | | | | |
| MAILING ADDRESS Line Two | | CITY | STATE | POSTAL CODE | COUNTRY |
| | | MIAMI | FL | 33156 | US |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (2a OR 2b) - Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME |  |  |  |  |  |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| ABILAHOUD | JESUS | | ALBERTO | | |
| 2c. MAILING ADDRESS Line One | | | This space not available. | | |
| 6465 S. MITCHELL MANOR CIR. | | | | | |
| MAILING ADDRESS Line Two | | CITY | STATE | POSTAL CODE | COUNTRY |
| | | MIAMI | FL | 33156 | US |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME |  |  |  |  |  |
|---|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| SIERRALTA | MIGUEL | | | | |
| 3c. MAILING ADDRESS Line One | | | This space not available. | | |
| 16275 COLLINS AVE | | | | | |
| MAILING ADDRESS Line Two | | CITY | STATE | POSTAL CODE | COUNTRY |
| SUITE 1402 | | SUNNY ISLAND | FL | 33160 | US |

**4. This FINANCING STATEMENT covers the following collateral:**

Any and all MEMBERSHIP INTEREST that TOWN ARTS PROPERTIES, LLC owns of HES TRIPTYCH
HOLDING, LLC, a Florida limited liability company, Document No. L15000193973,
EQUIVALENT TO 28.4% of the total Membership Interest of said company.

| 5. ALTERNATE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR |
|---|---|---|---|
| | ☐ AG LIEN | ☐ NON-UCC FILING | ☐ SELLER/BUYER |

**6. Florida DOCUMENTARY STAMP TAX** - YOU ARE REQUIRED TO CHECK **EXACTLY ONE** BOX

☑ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☐ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

**STANDARD FORM - FORM UCC-1 (REV.05/2013)**    **Filing Office Copy**    **Approved by the Secretary of State, State of Florida**