**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| AVENTURA HOTEL PROPERTIES, LLC, | Case No. 21-12374-BKC-RAM |
| TRIPTYCH MIAMI HOLDINGS, LLC, | Case No. 21-12375-BKC-RAM |
| | |
| Debtors | (Jointly Administered Under Case |
| | No. 21-12374-BKC-RAM) |

_____/

**DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**FILED BY NON-CREDITOR MIGUEL SIERRALTA [ECF No. 42]**

AVENTURA HOTEL PROPERTIES, LLC ("AHP") and TRIPTYCH MIAMI HOLDINGS, LLC ("TMH," and collectively, the "Debtors" or "Debtors-In-Possession"), pursuant to 11 U.S.C. §362(a) and (d), Fed. R. Bankr. P. 4001 and Local Rule 4001-1(C), file this Objection to the Motion for Relief from the Automatic Stay Filed by Non-Creditor Miguel Sierralta [ECF No. 42] (the "Motion") filed through his counsel Raul Espinoza, Esq. on May 13, 2021, and state:

**INTRODUCTION**

On March 12, 2021, the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtor AHP is a Florida limited liability company that owns real property in Miami, Florida. AHP owns .99 acres at 3601 N. Miami Avenue – the crossroads of Miami's Midtown, Wynwood and Design District neighborhoods (the "Property"). AHP acquired the Property for purposes of developing the Triptych Project – a mixed-use hotel project located on ("Triptych Project"). Debtor TMH holds 100 percent of the membership interests in Debtor AHP. In turn, Debtor TMH is owned by non-

debtor HES Triptych Holdings, LLC ("HES Triptych").

The Movant[1] claims to be a creditor of Town Arts Properties, LLC and Alberto Abilahoud (collectively, "Town Arts"). Movant sued Town Arts in state court for breach of a promissory note and to foreclose on an alleged pledge of certain membership interests non-debtor HES Triptych. *See* Motion at ¶¶4-5. To be sure, the Debtors are not indebted to the Movant. The Debtors have not pledged their property to the Movant in any respect whatsoever. However, in the State Court Action, Movant states that "**based on the rights conferred by the Security Agreement, [Movant] has a direct interest in Triptych, Aventura and the Lots.**" *See* Motion at Exhibit A, ¶32. Notably, the Debtors are not party to the referenced Security Agreement, which is annexed as Exhibit B to the Complaint in the State Court Action (Exhibit A to the Motion). The "Lots" at issue in the State Court Action are the Property owned by Debtor AHP in fee simple.

The Movant purportedly requests stay relief in order to pursue relief against both the non-debtors Town Arts and the Debtors in the State Court Action. The Movant asserts that he intends to seek the following relief in the State Court Action:

- A temporary injunction which "simply seeks an order from the Court enjoining HES and the Debtors to keep Movant informed [*sic*] prior to, during and after any disposition or encumbrance of their membership interest and/or the Lots" Motion at ¶11.

- An Order granting relief from the automatic stay to allow Movant to prosecute his claims against the Defaulting Defendants and obtain injunctive relief enjoining the Debtors to keep Movant informing of any transactions involving the sale, conveyance, encumbrance, disposition or transferring of the Lots." Motion at *ad damnum*.

---

[1] Movant, Miguel Sierralta, an individual, is the Plaintiff in the matter *Miguel Sierralta vs. Jesus Alberto Abilahoud, et al*., Case No. 2020-10341-CA-01, which was filed on May 13, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action").

The Movant asks for extraordinary relief without providing a single legal basis to support his request. On one hand, the Movant wishes to ask the State Court for an injunction that would require the Debtors to keep him informed concerning the affairs of the Debtors. On the other hand, the Movant seeks to use the State Court Action as a vehicle to liquidate his alleged claim against the Property owned by Debtor AHP and subject to the automatic stay.

The Movant fails to establish good cause (or any cause) for this relief. To the extent that Movant sincerely wishes to be informed concerning the disposition of the Debtors' assets, he has already achieved that objective be appearing in this bankruptcy case through his counsel. In this respect, the Movant will receive monthly operating reports and notice of any proposed sale or use of the Debtors' property.

Finally, to the extent that Movant seeks a determination concerning his interests in the Debtors' assets, the Bankruptcy Court is the proper forum to adjudicate any such claim and not the State Court Action. The Motion should be denied in its entirety.

## THE REQUEST FOR STAY RELIEF SHOULD BE DENIED

### 1. Movant's Request for Stay Relief Must Be Denied as it Fails to Establish Any "Cause" Under 362(d)(1) Justifying Relief From the Automatic Stay.

A court may grant relief from the automatic stay imposed by 11 U.S.C. § 362(a) only "for cause," 11 U.S.C. § 362(d)(1), and the burden of establishing a prima facie case of "cause" falls squarely on the movant. *See, e.g., In re Rothstein Rosenfeldt Adler, P.A.*, Case No. 09-34791-RBR, 2011 Bankr. LEXIS 591, at *6 (S.D. Fla. Bankr. Jan. 24, 2011). The Bankruptcy Code does not provide a definition of "cause" for which modification is appropriate. Therefore, the court must determine whether discretionary relief from the stay is appropriate on a case by case basis. *In re Errico*, 618 B.R. 41, 48 (Bankr. M.D. Fla. 2020). "The party asserting that cause

exists has the burden of establishing the legally sufficient basis for such relief." *In re Louis*, 20-62841- JWC, 2020 WL 2843013, at *2 (Bankr. N.D. Ga. May 29, 2020).

When considering whether cause exists to lift the automatic stay to allow continuation of a pending in lawsuit, courts in this jurisdiction consider whether: (a) any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit; (b) the hardship to the moving party by maintenance of the stay considerably outweighs the hardship of the debtor, and (c) the creditor has a probability of prevailing on the merits of his case. *In re Makerewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990). Generally, the court should balance the potential hardship that will be incurred by the moving party if the stay is not lifted against the potential prejudice to the debtor and the debtor's estate. *In re Gulfstream Crane, LLC*, Case No. 09-37091-BKC-RBR, 2010 Bankr. LEXIS 5665, at *4 (S.D. Fla. Bankr. Mar. 4, 2010). In considering whether a movant has carried its burden, a court must consider the "the totality of the circumstances in each particular case." *In re Bryan Road*, LLC, 382 B.R. 844, 854 (S.D. Fla. Bankr. 2008).

Here, the Movant claims that he wishes to be informed of the Debtors' financial affairs by obtaining an injunction in the State Court Action. He has accomplished that by appearing in this Chapter 11 case. However, it appears that the Movant wishes to obtain stay relief in order to achieve a determination in the State Court Action that his claims against non-debtors are somehow enforceable against the property of the Debtors' bankruptcy estates. The Movant fails to offer any basis – legal or factual – that entitles him to that relief.

If the State Court Action proceeds as framed – the Debtors will have a distinct interest in discovery and evidentiary matters (at a minimum) to the extent that Movant seeks to enforce a judgment he may obtain against Town Arts against property of the Debtors' estates. This alone

is sufficient grounds to maintain the automatic stay in place over the State Court Action. *See Eastern Air Lines, Inc. v. Rolleston* (*In re Ionosphere Clubs, Inc.*), 111 B.R. 423, 434-35 (S.D.N.Y. 1990) (maintaining automatic stay when continuing action against third party would inevitably involve debtor and burden it with discovery); *In re Johns–Manville Corp.*, 26 B.R. 420, 430 (Bankr. S.D.N.Y. 1983) (same), aff'd in part, 40 B.R. 219 (S.D.N.Y. 1984), rev'd in part on other grounds, 41 B.R. 926 (S.D.N.Y. 1984).

The Movant has failed to event proffer that he will be prejudiced if he cannot seek a "reporting injunction" against the Debtors in the State Court Action, has failed to offer why the reporting by the Debtors in these Chapter 11 proceedings are insufficient, or how he has any probability of succeeding against the Debtors in the State Court Action. The Debtors, in turn, will be greatly prejudiced if they are forced to duplicate reporting requirements in the State Court Action or otherwise be forced to defend against claim that – if meritorious – could have timely been asserted against the Debtors in this proceeding.

2.    **The State Court Action Seeks to Assess Claims Against the Debtor in Violation of Section 362(a)(6) of the Bankruptcy Code.**

Section 362(a)(6) of the Bankruptcy Code prohibits any act to assess a claim against a debtor that arose pre-petition. "Post-petition attempts to assess, impose and/or liquidate a debt against a Chapter 11 debtor outside of the bankruptcy court go to the essence of the Chapter 11 claims process, and are the very reason why there is an automatic stay." *In re Nortel Networks Corp.*, 2010 WL 891263 at *6 (Bankr. D. Del. March 9, 2010); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1207 (3d Cir. 1991) (holding that attempt to obtain a judgment against a debtor outside the bankruptcy court violates the stay); *In re Fiddler's Creek, LLC*, 2010 WL 6618876 (Bankr. M.D. Fla. Sept. 15, 2010); In re Muhlig, 494 B.R. 755, 764 (Bankr. S.D.

Fla. 2013) (Mark, J.) ("The leading bankruptcy treatise has explained that '[t]he stay of section 362 is extremely broad in scope and . . . applies to almost any type of formal or informal action taken against the debtor or the property of the estate.'" (quoting 3 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 362.03 (16th rev. ed. 2013)).

Similarly, Courts have looked to the risks to a debtor of prejudice from collateral estoppel, res judicata, and record taint. *See Union Trust Phila., LLC v. Singer Equip. Co.* (*In re Union Trust Phila., LLC*), 460 B.R. 653, 657 (E.D. Pa. 2011) (providing that in subsequent suits, debtor could be bound by "critical factual and legal issues" determined in the proceedings against non-debtor); *Ionosphere*, 111 B.R. at 435 ("[D]ue to the risk of possible adverse findings under theories of collateral estoppel and respondeat superior, [the debtor] will be forced to protect its interests if the [plaintiffs are] allowed to proceed."); *W.R. Grace & Co. v. Chakarian*, 386 B.R. 17, 33-34 (Bankr. D. Del. 2008) (holding that if third-party action were to continue, debtors would not have opportunity to defend themselves, thereby creating immediate liquidated claim against debtors); *In re Philadelphia Newspapers*, LLC, 407 B.R. 606, 615 (E.D. Pa. 2009); *Sudbury, Inc. v. H. Escort*, 140 B.R. 461 (Bankr. N.D. Ohio 1992); *In re Jefferson County, Ala.*, 491 B.R. 277 (Bankr. N.D. Ala. 2013); *Calpine Corp. v. Nevada Power Co.* (*In re Calpine Corp.*), 354 B.R. 45, 48 (Bankr. S.D.N.Y. 2006).   *See also In re Am. Film Techs.*, 175 B.R. 847, 853-55 (Bankr. D. Del. 1994) (rejecting argument that, even if collateral estoppel applied, suits against non-debtors should not be enjoined because the non-debtors were allegedly independently liable) (quoting *In re Lomas Fin. Corp.*, 117 B.R. 64, 67 (S.D.N.Y. 1990)).

Although Movant asserts that the State Court Action only seeks affirmative relief against non-debtors, the State Court Action requires that certain findings be made against the Debtors based upon facts and legal conclusions that are disputed by the Debtors – i.e., whether Movant

has a "direct interest" in the Property.  This allegation clearly evidences that the State Court Action seeks to assert and assess a claim against the Debtors (however pleaded) and should remain stayed.

**3.      The Motion Does Not Comply with The Local Rules and Must Be Denied.**

The Motion was filed pursuant to the Court's negative notice protocol set forth in Local Rule 4001-1, which requires a party seeking relief from the automatic stay to serve the seven largest unsecured claims according to the debtor's list of 20 largest creditors when a committee has not been appointed.  The Motion does not certify that service to this constituency was attempted. As such, it should be denied for failing to provide adequate notice to parties-in-interest.

**WHEREFORE**, Chapter 11 Debtors-in-Possession AVENTURA HOTEL PROPERTIES, LLC and TRIPTYCH MIAMI HOLDINGS, LLC respectfully request that the Court enter an order (i) denying the Motion; and (ii) granting such other and further relief as is just and proper.

Dated: May 27, 2021

Respectfully Submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300

By:    */s/ Jesus M. Suarez*
        Jesus M. Suarez, Esq.
        Florida Bar No. 60086
        JSUAREZ@GJB-LAW.COM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on May 27, 2021 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or U.S. Mail as reflected on the Service List below.

By: ___*/s/ Jesus M. Suarez*_____

Jesus M. Suarez, Esq.

## SERVICE LIST

### *Served Via CM/ECF Notification*

Eric N Assouline, Esq on behalf of Creditor Elisabeth Eljuri
ena@assoulineberlowe.com, ah@assoulineberlowe.com

Jose A Casal on behalf of Creditor Fifteen Midtown Properties, LLC
jose.casal@hklaw.com, josie.vila@hklaw.com

Ileana Cruz on behalf of Creditor Miami Dade County Tax Collector
cao.bkc@miamidade.gov

Raul E. Espinoza on behalf of Interested Party Miguel Sierralta
respinoza@repalaw.com, gfoschini@repalaw.com

Mariaelena Gayo-Guitian on behalf of Debtor Triptych Miami Holdings, LLC
mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com;gjbecf@ecf.courtdrive.com

Peter H Levitt, Esq on behalf of Creditor QR Triptych LLC
plevitt@shutts-law.com, sboisvert@shutts.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Aliette D Rodz on behalf of Creditor QR Triptych LLC
arodz@shutts.com

Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
Steven.D.Schneiderman@usdoj.gov

Jeffrey I. Snyder, Esq. on behalf of Creditor LV Midtown LLC
jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin;jeffrey-snyder-9959@ecf.pacerpro.com

Jesus M Suarez on behalf of Debtor Aventura Hotel Properties, LLC
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Debtor Triptych Miami Holdings, LLC
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Interested Party Triptych Miami Holdings, LLC
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com