UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| AVENTURA HOTEL PROPERTIES, LLC, | Case No. 21-12374-BKC-RAM |
| TRIPTYCH MIAMI HOLDINGS, LLC, | Case No. 21-12375-BKC-RAM |
| Debtors. | (Jointly Administered Under Case No. 21-12374-RAM) |
| _____/ | |

**OBJECTION OF QR TRIPTYCH, LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE SALE OF REAL PROPERTY OF THE CHAPTER 11 ESTATES FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363; (B) ESTABLISHING BIDDING PROCEDURES AND SALE PROCESS S; (C) APPROVING ASSET PURCHASE AGREEMENT WITH INTEGRA REAL ESTATE, LLC; (D) SCHEDULING SALE HEARING; AND (E) GRANTING RELATED RELIEF [ECF 94]**

QR Triptych LLC ("QR"), by undersigned counsel, files this Objection to the motion described above (ECF 94) (the "Motion') and states the following:

1. The Debtors seek to sell their property (as described in the Motion) free and clear of liens pursuant to 11 U.S.C. § 363(f). The Debtors allege that the subordinated mortgage and note held by QR is in bona fide dispute. It is not.

2. On May 19, 2021, QR filed Claim No. 6-1, a secured mortgage claim in the amount of $8,238,579.20, without interest and attorney's fees and costs. QR's mortgage was duly recorded and has been recognized by the Debtors in their Schedules and in various in-court statements and court filings.

3. Nevertheless, on June 15, 2021, the Debtors commenced an adversary proceeding against QR and a related party, JQ Real Estate, LLC (Adv. Case No. 21-12374-RAM) seeking primarily the subordination of QR's mortgage under 11 U.S.C. § 510(b) and § 510(c). The Debtors also included a claim objecting to QR's Proof of Claim and avoidance claims.

4. On July 16, 2021, QR and JQ Real Estate, LLC filed their Answer and Affirmative Defenses (ECF 8 in the Adversary Proceeding). The allegations and defenses asserted in that pleading are incorporated herein by reference. QR did not engage in any inequitable conduct that could possible support equitable subordination, and it is not asserting a claim based on the breach of a repurchase agreement or similar agreement. QR was granted a valid mortgage in July 2018 securing a note duly executed by Debtor Aventura Hotel Properties, LLC ("AHP"). QR gave substantial value for its note and subordinated mortgage. Among other consideration, QR gave up a 25% equity interest in AHP.

5. That the Debtors claim a bona fide dispute does not mean a bona fide dispute actually exists. Although the Court does not have to finally resolve or determine the disputes raised by the Debtors to authorize a sale free and clear, the Court must examine whether there is any objective basis for either a bona fide factual or legal dispute about the existence, validity and priority of the QR mortgage. *In re TLFO, LLC*, 572 B.R. 391 (Bankr. S.D. Fla. 2016).

6. Even if the Court were to find that an objective basis exists to find a "bona fide" dispute, the net sale proceeds from the proposed sale must be escrowed, and cannot be distributed, pending the resolution of the disputes. The Motion does not specify what the Debtors intend to do with the sale proceeds, other than distribute to the senior mortgage holder the amount it is entitled to receive, pursuant to a previously approved settlement agreement. All monies not distributed to LV, the senior mortgage creditor, must be retained by the Debtors, and QR's lien must attach to those proceeds, pending the resolution of the disputes asserted to exist by the Debtors—if the Court finds those disputes to be bona fide under an objective analysis.

**WHEREFORE**, QR requests that the Court determine that the disputes asserted by the Debtors are not bona fide and provide that QR's mortgage will continue to encumber the

Debtors' property following the sale or, in the alternative, in the event the Court finds a bona fide dispute, that all sale proceeds, other than the amount required to pay LV, be held by the Debtors and not disbursed until the Court finally resolves the adversary proceeding filed by the Debtors.

Dated:  July 22, 2021

> */s/ James A. Timko*
> James A. Timko, Esq.
> Florida Bar No.: 0088858
> jtimko@shutts.com
> Peter H. Levitt, Esq.
> Fla. Bar No. 0650978
> plevitt@shutts.com
> SHUTTS & BOWEN LLP
> 300 South Orange Avenue, Suite 1600
> Orlando, Florida 32801
> Telephone: (407) 423-3200
> Fax: (407) 425-8316
> *Attorneys for QR Triptych, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all counsel of record.

> */s/ Peter H. Levitt*
> Peter H. Levitt