UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

Chapter 11

In re:

AVENTURA HOTEL PROPERTIES, LLC,
TRIPTYCH MIAMI HOLDINGS, LLC,

Case No.: 21-12374-BKC-RAM
Case No.: 21-12375-BKC-RAM

(Jointly Administered)

Debtors.
_____/

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF FIFTEEN MIDTOWN PROPERTIES LLC**

Fifteen Midtown Properties LLC ("Fifteen Midtown"), a party in interest of debtor Aventura Hotel Properties, LLC ("Debtor") by virtue of that certain recorded Parking Rights Agreement between Debtor and Fifteen Midtown granting easements over Debtor's real property ("Parking Easement Agreement"), through undersigned counsel, hereby files its limited objection and reservation of rights with respect to Debtor's *Motion for Entry of an Order (A) Authorizing the Sale of Real Property of the Chapter 11 Estates Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §363; (B) Establishing Bidding Procedures and Sale Process; (C) Approving Asset Purchase Agreement with Integra Real Estate, LLC; (D) Scheduling Sale Hearing; and (E) Granting Related Relief* ("Motion") [D.E. 94].  In support of its limited objection and reservation of rights, Fifteen Midtown states:

1. On July 7, 2014, the Debtor, as the servient owner, granted in favor of Fifteen Midtown, the adjacent owner, a perpetual and exclusive easement over the parking areas in the servient parcel owned by the Debtor.  The parking easement is memorialized in the Parking Easement Agreement, a copy of which is attached as Exhibit C to the Contract for "As Is" Sale and Purchase of Vacant Land (the "Contract") attached as Exhibit A to the Motion.

2.      The servient parcel is part of the Debtor's real property that is the subject of the Motion.

3.      Fifteen Midtown files this limited objection and reservation of rights as a prophylactic measure given the lack of clarity in the Motion as to whether any sale of the Debtor's real property will be subject to Fifteen Midtown's rights and interests under the Parking Easement Agreement.

4.      To be clear, Fifteen Midtown objects to any characterization of the Parking Easement Agreement as an executory contract subject to rejection under 11 U.S.C. §365(a). The same goes for any attempt by the Debtor to sell the servient parcel under §363 free and clear of Fifteen Midtown's easement. Fifteen Midtown's easement runs with the land and thus is not subject to sale under §363(f)(1).

5.      Fifteen Midtown acknowledges that a portion of section 7 of the Contract states: "The Buyer acknowledges and accepts that title shall be subject to and Buyer assumes permitted exceptions as set forth in Exhibit B." The Parking Easement Agreement is listed as one of the permitted exceptions in the title commitment attached to the Contract.

6.      Thus, if it is the intention of the Debtor to sell its real property under §363 to a buyer subject to the Parking Easement Agreement, then Fifteen Midtown has no objection to the relief requested in the Motion.

*   *   *   *

Dated: July 22, 2021.

**HOLLAND & KNIGHT LLP**
*Attorneys for Fifteen Midtown Properties LLC*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7763
Facsimile: (305) 789-7799
E-mail: jose.casal@hklaw.com
E-mail: joaquin.alemany@hklaw.com

By: */s/ Jose A. Casal*
    Jose A. Casal
    Florida Bar No. 767522
    Joaquin J. Alemany
    Florida Bar No. 662380

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July, 2021, a true and correct copy of the foregoing was served via electronic transmission on all CM/ECF registered users for this case.

By: */s/ Jose A. Casal*
    Jose A. Casal