

**ORDERED in the Southern District of Florida on July 29, 2021.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| **AVENTURA HOTEL PROPERTIES, LLC,** | **Case No. 21-12374-BKC-RAM** |
| **TRIPTYCH MIAMI HOLDINGS, LLC,** | **Case No. 21-12375-BKC-RAM** |
| **Debtors.** | **Jointly Administered Under** |
| _____/ | **Case No. 21-12374-BKC-RAM** |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(A) AUTHORIZING THE SALE OF REAL PROPERTY OF THE CHAPTER 11**
**ESTATES FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**
**PURSUANT TO 11 U.S.C. §363; (B) ESTABLISHING**
**BIDDING PROCEDURES AND SALE PROCESS; (C) APPROVING**
**ASSET PURCHASE AGREEMENT WITH INTEGRA REAL ESTATE, LLC;**
**(D) SCHEDULING SALE HEARING; AND (E) GRANTING RELATED RELIEF**

**THIS MATTER** came before the Court on July 26, 2021 at 10:00 a.m. upon Debtors-in-

Possession Aventura Hotel Properties, LLC ("AHP") and Triptych Miami Holdings, LLC's

("TMH," and collectively, the "Debtors" or "Debtors-In-Possession") *Motion for Entry of an Order (A) Authorizing the Sale of Real Property of the Chapter 11 Estate Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §363; (B) Establishing Bidding Procedures and Sale Process; (C) Approving Asset Purchase Agreement with Integra Real Estate, LLC; (D) Scheduling Sale Hearing; and (E) Granting Related Relief* [ECF No. 94] (the "Motion"), and the limited objections filed by QR Triptych, LLC [ECF No. 102] ("QR Objection") and Fifteen Midtown Properties, LLC [ECF No. 103] ("15 Midtown Objection"). The Court, having reviewed the Motion, the QR Objection, the 15 Midtown Objection, hearing arguments of counsel,

**FINDS AND DETERMINES THAT:**

A.      The Court has jurisdiction over this matter and over the property of the Debtors pursuant to 28 U.S.C. §§ 157(a) and 1334, venue is proper in this district pursuant to 28 U.S.C. § 1408, and this is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.      Good and sufficient notice of the relief sought in the Motion has been given in accordance with Bankruptcy Rule 2002, and no other or further notice is or shall be required and any requirements for other or further notice shall be waived and dispensed with pursuant to Fed. R. Bankr. P. 2002, 6004, 6006 and 9007 and pursuant to the Court's powers under section 105 of the Bankruptcy Code. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all parties-in-interest.

C.      The bidding procedures set forth herein are fair, reasonable and appropriate, and are designed to maximize the recovery on the proposed sale of the Property.

D.      The entry of this Order is in the best interests of the Debtor, its estate, creditors, and all other parties-in-interest.

Accordingly, it is **ORDERED**, as follows:

1.      The Motion is GRANTED as set forth herein.[1]  The QR Objection and the 15 Midtown Objection were resolved as set forth on the record in open court.

2.      The Contract for the "As Is" Sale and Purchase of Vacant Land dated July 15, 2021, executed between AHP and Integra Real Estate, LLC ("Integra") (the "Contract") is APPROVED, pursuant to the following terms as set forth in the Motion and Exhibit "A" attached thereto:

**Seller**: **Aventura Hotel Properties, LLC**

**Purchaser**: **Integra Real Estate, LLC**

**Assets**: Debtor AHP is selling the following asset: all right, title and interest of Seller in the assemblage of land located at 3601 N. Miami Avenue, in Miami-Dade County, Florida as more particularly described on Exhibit "A" attached to the Contract (the "Property"), inclusive of any development rights previously obtained by Seller, together with all plans, drawings, as-built record drawings, transferable consents, authorizations, variances or waivers, permits, entitlements, utility rights, reservations and approvals related thereto, if any, and subject to Bankruptcy Court approval.

**Purchase Price**: The purchase price for the Property is Twenty Five Million Five Hundred Thousand and 00/100 Dollars ($25,500,000.00) (the "Purchase Price"), subject to better and higher offers.

**Deposit**:    The designated closing agent under the Contract, Pardo Jackson Gainsburg, PL, 200 S.E. First Street, Suite 700, Miami, Florida 33131 (the "Closing Agent").  The Buyer shall deposit Two Hundred and Fifty Thousand and 00/100 Dollars ($250,000.00) (the "First Deposit") with the Closing Agent (as defined below), within three (3) business days after the Effective Date.  If Buyer does not terminate the Contract prior to the expiration of the Due Diligence Period (as defined below), then Buyer shall make a second deposit of One Million and No/100 Dollars ($1,000,000) (the "Second Deposit") (the First Deposit and Second Deposit are collectively referred to herein as the "Deposit") with the Closing Agent (as defined below) no later than three (3) business days following the expiration of the Due Diligence Period (as defined below).

---

[1] All capitalized terms not defined herein shall be defined as set forth in the Motion.

**Closing:**  The Closing shall take place upon entry of an order of the Bankruptcy Court approving the Contract and sale of the Property, but in no event later than September 15, 2021.  At the Closing, Seller shall deliver to Purchaser a Statutory Warranty Deed and such other instruments of transfer and conveyance as provided in the Contract.

**Due Diligence:**  Buyer shall have the right, at its sole cost and expense, to conduct such investigations, studies, analyses, surveys, searches, interviews and tests as Buyer shall deem necessary or appropriate to evaluate the suitability of the Property for Buyer's intended use (collectively, the "Inspections").  Buyer shall have until the end of August 14, 2021, which is the date that is thirty (30) days after the Effective Date of the Contract (the "Due Diligence Period"), to determine, in its sole discretion, whether the Property is suitable for Buyer's intended use.  If Buyer determines, for any reason, that the Property is not suitable for Buyer's intended use, then Buyer shall have the right to terminate the Contract before the expiration of the Due Diligence Period by delivering written notice to Seller, in which case, the Deposit shall be returned to Buyer, and the Parties shall have no further obligations to one another except those that expressly survive termination of the Contract.  If Buyer fails to terminate the Contract before the expiration of the Due Diligence Period, then Buyer will be deemed to have waived such termination right, the Deposit shall become non-refundable to Buyer (except where otherwise provided in the Contract), and the Parties shall proceed to Closing in accordance with the terms and conditions of the Contract.  In such event, Buyer shall accept the Property in its "AS IS" condition, except as otherwise provided in the Contract.

3.    **SALE HEARING**. A sale hearing to approve the sale of the Property pursuant to 11 U.S.C. § 363 of the Bankruptcy Code (the "Sale Hearing") shall be held on **Wednesday, August 25, 2021 at 11:00 am EDT**, before the Honorable Robert A. Mark, by Zoom Video Conference.  To participate in the hearing, parties must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, manually enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJIsdequqD4vHq0pFGf8PqRM_UHQM1L1QcI

4.    **AUCTION**. An Auction (as defined herein below) with respect to sale of the Property, if necessary, shall be conducted before the Honorable Robert A. Mark, by Zoom Video Conference at the Sale Hearing on **Wednesday, August 25, 2021 at 11:00 a.m EDT** in accordance with the bidding procedures set forth below in paragraph (5) of this Order.

4

5.      **BIDDING PROCEDURES**. The bidding procedures as set forth below are approved and the Debtors are authorized and directed to carry out the actions reasonably necessary to carry out the bidding procedures set forth herein. All competitive bidders, creditors and/or interested parties participating in an Auction of the Properties, should it be necessary, shall comply with the following bidding procedures:

     i.      competing bid(s) shall be made upon substantially similar terms and provisions as contained in the Contract and as otherwise provided in the order(s) of the Bankruptcy Court approving the Motion and Bidding Procedures as set forth herein, provided however, that such competing bids shall not contain a Due Diligence Period and must be subject to and not otherwise provide for the impairment of the Parking Rights Agreement between Debtor and Fifteen Midtown Properties, LLC ("Competing Bid(s)");

     ii.      Competing Bid(s) shall be received, in writing, by Debtor's counsel **Jesus M. Suarez, Esq., 100 SE Second Street, 44th Floor, Miami, Florida 33301, jsuarez@gjb-law.com**, by **5:00 p.m. on August 23, 2021** (the "Bid Deadline"), in the form of a fully executed, substantially similar version of the Contract (the "Competing Bid Contract"), along with: (a) a refundable deposit in the amount of five percent (5%) of the purchase price identified in the Competing Bid Contract (the "Competing Bid Deposit") in readily available funds delivered to the Closing Agent (wire transfer instructions shall be provided by the Closing Agent and/or Debtors' counsel upon written request directed to jsuarez@gjb-law.com); provided however, that in the event that the Competing Bid is accepted and approved as the highest and best offer, such Competing Bid Deposit shall be non-refundable; (b) the Competing Bid shall not be subject to any contingency whatsoever, shall be subject to Bankruptcy Court approval, and shall be accompanied by evidence that the prospective buyer submitting the Competing Bid has the ability to consummate the purchase transaction and comply with all terms thereto; and (c) information that indicates to the Debtor, in the Debtor's discretion, and subject to Bankruptcy Court approval, that the prospective buyer's Competing Bid is submitted as a good faith, arm's length transaction entitled to the protections of §363(m) of the Bankruptcy Code;

     iii.      the Debtors, in their  discretion in consultation with Secured Creditor, and subject to Bankruptcy Court approval, shall determine whether any Competing Bid(s) received by the Bid Deadline constitute a qualified bid with capacity to close as provided in the respective Competing Bid Contract and may be accepted as a qualified bid (the "Qualified Bid").  Any Competing Bid determined to be a Qualified Bid shall be irrevocable until the selection of the Successful Bidder (as hereinafter defined) and the Back-Up Bidder (which offer shall remain irrevocable until the closing of the sale to the Successful Bidder or the Back-Up Bidder);

iv.    Integra shall be deemed to have submitted a Qualified Bid provided that, at the time of the auction sale, the Due Diligence Deadline has expired, Integra has not terminated the Contract, and Integra has otherwise complied with its obligations thereunder.  Secured Creditor LV Midtown, LLC shall be deemed a Qualified Bidder and may submit a Qualified Bid in an amount not to exceed their 363(k) Bid (as defined below) in the amount of the Release Price without the necessity of otherwise complying with these Bid Procedures;

v.    should the Debtors receive multiple Qualified Bids by the Bid Deadline, the Bankruptcy Court shall conduct the Sale Hearing as a final and absolute auction, at which time the Bankruptcy Court will determine the best and highest offer for sale of the Property (the "Auction"). The Auction shall be conducted via Zoom Video Conference at the Sale Hearing on **Wednesday, August 25, 2021 at 11:00 a.m EDT**.  Only prospective buyers that have been determined to have submitted a Qualified Bid shall be permitted to participate in the Auction;

vi.    any prospective buyers with a Qualified Bid (the "Qualified Bidder(s)") shall be permitted to participate in the Auction. The minimum bidding increments above the highest and best Qualified Bid accepted at the time of the Auction, shall be not less than two-hundred fifty thousand dollars ($250,000.00) (the "Bid Increment(s)");

vii.    the competitive bidding among the Qualified Bidders shall continue until the Bankruptcy Court determines it has received the highest and/or best bid for the Property.  The prospective buyer submitting the highest and/or best bid for the Property shall be determined to be the "Successful Bidder";

viii.    the Qualified Bidder submitting the second highest and/or best Qualified Bid accepted at the Auction, if any, shall be deemed the back-up bidder (the "Back-Up Bidder") and shall be obligated to close on the transaction contemplated under the purchase Contract submitted for approval with such Qualified Bid within seven (7) days from the tendering of written notice by the Debtors to the Back-Up Bidder of the Successful Bidder's failure to close and the Competing Bid Deposit of the Back-Up Bidder shall be held by the Closing Agent until the closing of the sale of the Property, shall be refunded pursuant to part ix below if the Property is sold to the Successful Bidder, and shall be non-refundable if Back-Up Bidder is called upon to close on its Qualified Bid and fails to do so; and

ix.    notwithstanding the above Bidding Procedures, in the event that Integra or another Qualified Bidder(s) is not deemed to be the Successful Bidder or Back-Up Bidder at the Auction, then all Deposits or Additional Deposits shall be refunded by the Debtors or Closing Agent (collectively, the "Refundable Deposit(s)") to the respective party submitting the Refundable Deposit, within five (5) business days of the Auction or upon further order of the Bankruptcy Court, and Secured Creditor LV Midtown, LLC may exercise its Qualified Bid in an amount

not up to the amount 363(k) Bid (as defined below) and shall be the Successful
Bidder.

(collectively, the "Bidding Procedures").

6.    Notwithstanding the above Bidding Procedures, Secured Creditor LV Midtown,
LLC shall have the right, but not the obligation, to credit bid up to the amount of the Release Price[2]
pursuant to §363(k) of the Bankruptcy Code in connection with the sale of the Property pursuant
to this Motion (the "363(k) Bid").  Pursuant to the LV Settlement, the 363(k) Bid is not subject to
objection.  In the event that Secured Creditor LV Midtown, LLC exercises its 363(k) Bid option,
such bid shall be subject to the Bidding Procedures, except that Secured Creditor LV Midtown,
LLC shall not be required to submit a Deposit or Additional Deposit for purposes of bidding at the
Auction nor shall Secured Creditor be required to submit a Competing Bid in advance of the
auction.

7.    Debtor AHP shall hold in escrow any cash received from the sale of the Property
pending further order of the Bankruptcy Court, except that Debtor AHP may use sale proceeds to
pay the Release Price to Secured Creditor LV Midtown, LLC (provided it is not the Successful
Bidder) pursuant to the LV Settlement previously approved by the Bankruptcy Court.

8.    The Court shall retain jurisdiction over this matter to consider such additional relief
and enter further orders as necessary to enforce the terms and conditions of this Order.

# # #

---

[2] On June 16, 2021, the Court approved a settlement between the Debtors and Secured Creditor LV Midtown, LLC
[ECF No. 85] (the "LV Settlement").  The LV Settlement defines the Release Price as $19,600,000, subject to the
terms thereof strict compliance with certain Milestones as set forth therein.  Nothing herein shall be deemed to
modify the terms of the LV Settlement.

**<u>Submitted by</u>:**
Jesus M. Suarez
Genovese Joblove & Battista, P.A.
Counsel to Debtors-in-Possession
100 Southeast Second Street, Suite 4400
Miami, FL 33131
Telephone: (305) 349-2300
jsuarez@gjb-law.com

(Attorney Suarez is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court).